# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TURNER, | CASE NO. 1:10-CV-01916-LJO-DLB PC |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE |
| v. | |
| DERRAL G. ADAMS, et al., | |
| Defendants. | |

_____/

Plaintiff Edward L. Turner ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff in forma pauperis status on October 22, 2010.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that Plaintiff has accumulated three strikes as of August 29, 2006.

1

1   The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28
2   U.S.C. § 1915(g):  (1) *Turner v. Contra Costa County, et al.*, 3:97-cv-03015-MHP (N.D. Cal.)
3   (dismissed November 17, 1997 for failure to state a claim); (2) *Turner v. Coleman*, 3:02-cv-
4   5731-MHP (N.D. Cal.) (dismissed December 20, 2002 for failure to state a claim); and (3)
5   *Turner v. Bennett, et al.*, 3:06-cv-00491 (N.D. Cal.) (dismissed August 29, 2006 for failure to
6   state a claim, and as malicious and frivolous).[1]  Plaintiff thus is not allowed to proceed in forma
7   pauperis in this action unless Plaintiff can demonstrate that Plaintiff is "under imminent danger
8   of serious physical injury."  28 U.S.C. § 1915(g).
9         Prisoners qualify for the imminent danger exception based on the alleged conditions at
10  the time the complaint was filed.  *Andrews v. Cervantes*, 493 F.3d 1047. 1052 (9th Cir. 2007).
11  The imminent danger exception requires that a prisoner allege a danger that is "ready to take
12  place" or "hanging threateningly over one's head."  *Id.* at 1056.  The Ninth Circuit found that
13  "requiring a prisoner to 'allege [] an ongoing danger' . . . is the most sensible way to interpret the
14  imminency requirement."  *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)
15  (per curiam)). Thus, "a prisoner who alleges that prison officials continue with a practice that has
16  injured him or others similarly situated in the past will satisfy the ongoing danger standard and
17  meet the imminence prong of the three-strikes exception."  *Id.* at 1056-57 (quotations omitted).
18        Here, Plaintiff's original complaint fails to qualify Plaintiff for the imminent danger
19  exception.  Plaintiff complained of oppressive behavior by Defendants, violating a state court
20  order that required Plaintiff to have regular phone calls and legal correspondence with his
21  counsel.  Pl.'s Compl. 2; Ex. A, Doc. 1.  This fails to demonstrate imminent danger of serious
22  physical injury.  Because Plaintiff does not qualify for the imminent danger exception, he was
23  required to pay the filing fee in full before proceeding in this action.  The Court will thus revoke
24  Plaintiff's in forma pauperis status and dismiss this action, without prejudice to refiling if
25  accompanied by the $350.00 filing fee.

---

27  [1] The Court also takes judicial notice of *Turner v. Walker, et al.*, Case No. 3:06-cv-
28  05364-MHP, Docket No. 3, which provided the above list of cases that qualify as strikes, and verified the dismissal orders.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is REVOKED;

2. This action is DISMISSED without prejudice for failure to pay the filing fee; and

3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   August 25, 2011                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE